HALLORAN-JUDGE TRUST CO. et al. v. CARR et ux.

No. 3937. Decided July 5, 1923. (218 Pac. 138.)

1. DEEDS—INADEQUACY OF CONSIDERATION ALONE INSUFFICIENT
   GROUND FOR CANCELLATION. A conveyance based on an inade-
   quate consideration will not be canceled or set aside for that
   reason alone, unless the inadequacy is so great as to shock the
   conscience and furnish of itself evidence of fraud.

2. DEEDS—FACTS HELD NOT TO WARRANT CANCELLATION THOUGH
   CONSIDERATION GROSSLY INADEQUATE. Where the grantor a few
   weeks before her death executed in regular form a deed to
   property for a grossly inadequate consideration, but she in-
   tended to make the conveyance, knew the value of the prop-
   erty, intended to accept the consideration she received, and
   the transaction was without any element of undue influence,
   or unfairness, or misrepresentation, and she had no direct
   descendants, dependents, or creditors who would be injured
   by the transaction, cancellation on the ground of fraud was
   properly denied.

3. WITNESSES—COURT UNDER NO OBLIGATION TO PROBE CONSCIENCE
   OF PARTY ON ITS OWN INITIATIVE. In an action for the can-
   cellation of a deed on the ground of fraud, where the consid-
   eration was wholly inadequate, plaintiff's contention that the
   trial court erred in granting a nonsuit without probing the
   conscience of the defendant is wholly untenable; the court
   being under no duty on its own initiative to make such in-
   vestigation, but appellants, if they desired to probe the con-
   science of the defendant, should have called him to the witness
   stand.

Appeal from District Court, Third District, Salt Lake
County; A. R. Barnes, Judge.

Action by the Halloran-Judge Trust Company, executor of
the estate of Eliza Chapple Warren, deceased, and others,
against Ernest G. Carr and another. From a judgment of
nonsuit, plaintiffs appeal.

AFFIRMED.

Ball, Musser & Robertson, of Salt Lake City, for appel-
lants.

*Carlson & Carlson,* of Salt Lake City, for respondents.

WEBER, C. J.

Halloran-Judge Trust Company was duly appointed executor of the last will and testament of Eliza Chapple Warren, deceased. Numerous beneficiaries named in the will joined the executor in instituting an action in the district court of Salt Lake county to cancel a deed conveying certain real estate in Salt Lake City to Ernest G. Carr, one of the defendants. Upon the conclusion of the introduction by plaintiffs of their testimony at the trial defendants interposed a motion for nonsuit, which was granted by the court. From the judgment of nonsuit plaintiffs appeal.

The undisputed facts are that on May 19, 1921, Thomas Alston, a notary public, prepared a deed in regular form in which the property in question was properly described, the defendant Ernest G. Carr being named as grantee and Mrs. Eliza Chapple Warren as grantor, the consideration named being $10. In August or September, 1921, a few weeks before Mrs. Warren's death, Edward M. Ashton called defendant Carr on the telephone, and stated to him that he would like to see him about Mrs. Warren's affairs; that there was some transaction about which he (Ashton) would like more light. Carr objected to calling on Ashton, who then requested that he call on Mrs. Warren. Carr said he would see her, but never did to the knowledge of the witness. The property was worth $5,000.

Thomas Alston testified that when he and Carr called on Mrs. Warren at the time she executed and delivered the deed he did not see any money paid to her by Carr.

The remaining evidence will be referred to hereinafter.

The contentions of appellants are: (1) The evidence shows that there was no change of possession upon the execution of the deed May 19, 1921. (2) The consideration was not paid. (3) The only consideration that defendant claims was grossly inadequate. Appellants furthermore insist that "each of these three points is considered in law a badge of fraud." It is their contention that, when taken together,

they make prima facie proof of fraud, and were sufficient to put the defendant to his proof as to the validity of the transaction.

The only evidence in the record relating to the first proposition indicates that respondents went into possession of the property immediately upon execution of the deed, and remained in possession from that time. Evidence produced by plaintiffs also tends to prove that the $10 mentioned in the deed as the consideration was paid, and that, in addition, Mrs. Warren received $35, but whether she received that each month is not clear. The evidence, moreover, tends to prove that Mrs. Warren was to receive the income from one half of the house—the other half of the double house being occupied by defendants.

The remaining question is as to inadequacy of the consideration. The general rule is that a conveyance based on an inadequate consideration will not be canceled or set aside for that reason alone unless the inadequacy is so great as to shock the conscience and furnish of itself evidence of fraud. 1 Black on Rescission and Cancellation, §§ 169 and 175; 9 C. J. § 35, p. 1174; *Bruner* v. *Cobb*, 37 Okl. 228, 131 Pac. 165, L. R. A. 1916D, 377, and annotations. The consideration was grossly inadequate, but that is not the only circumstance disclosed by the record and proper for consideration. The uncontradicted evidence is that Mrs. Warren intended to do what she did; that she knew the value of the property and intended to accept the consideration she received; that the transaction was without any element of undue influence or unfairness, or misrepresentation. No advantage was taken of her in any way. Her mind was clear, and she knew what she was doing, and deliberately executed the deed and delivered possession of the property to defendants. She had no direct descendants, or dependents, or creditors who would be injured by the transaction.

At the oral argument the claim was made by counsel for appellants that the trial court should have probed the conscience of the respondent Carr. Being satisfied that fraud

had not been established, the court was under no duty to make an investigation on its own initiative. If appellants desired to probe the conscience of Mr. Carr they **3** could have called him to the witness stand, and could have done what they now suggest should have been done by the court.

We agree with the trial court that a case of fraud was not presented by appellants. The judgment is therefore affirmed.

GIDEON, THURMAN, and CHERRY, JJ., concur.

FRICK, J., did not participate herein.